**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE  19947

Date Submitted: May 8, 2024
Date Decided: August 19, 2024

Philip Trainer, Jr., Esq.
Marie M. Degnan, Esq.
Randall J. Teti, Esq.
ASHBY & GEDDES
500 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19801

Ryan P. Newell, Esq.
Lakshmi A. Muthu, Esq.
Michael A. Carbonara, Jr., Esq.
YOUNG CONAWAY STARGATT &
TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801

Michael C. Heyden, Jr., Esq.
Joseph E. Brenner, Esq.
GORDON REES SCULLY
MANSUKHANI LLP
824 North Market Street, Suite 220
Wilmington, Delaware 19801

Re: *Malkani v. Cunningham*, C.A. No. 2020-1004-SG

Dear Counsel:

This matter, in its day, produced a full meal of substantive issues.[1]  What remains are orts and leavings; first, entitlement to contractual fee shifting (resolved in favor of Plaintiff, Malkani),[2] and now the reasonableness of Plaintiff's fee request. Upon consideration of the affidavits submitted by counsel on behalf of Plaintiff, I

---

[1] *See Malkani v. Cunningham*, 2023 WL 1383938 (Del. Ch. Jan. 31, 2023).
[2] *See Malkani v. Cunningham*, 2024 WL 807401 (Del. Ch. Feb. 27, 2024).

find that Plaintiff has made a *prima facie* showing of the reasonableness of the fee sought, under Rule 1.5(a) of the Delaware Lawyers' Rules of Professional Conduct. Defendants argue, however, that, upon review, I should find that the fees requested are not reasonable. The parties have since briefed the issue.[3] In light of the briefs, I found the matter did not require argument, and I consider it submitted as of May 8, 2024.[4] I find that the fees requested by Plaintiff are reasonable.

To determine if costs and fees are reasonable, the Court is guided by the factors outlined in Rule 1.5(a) of the Delaware Lawyers' Rules of Professional Conduct, which include the following:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.[5]

---

[3] *See* Def., TruthMD, LLC's Opening Suppl. Br. on Issue of Fee Reasonableness, Dkt. No. 231 ("Def.'s OB"); Pl. Sunil M. Malkani's Answering Br. on Issue of Fee Reasonableness, Dkt. No. 232 ("Pl.'s AB"); Def., TruthMD, LLC's Reply Suppl. Br. on Issue of Fee Reasonableness, Dkt. No. 234 ("Def.'s RB").

[4] *See* Letter to Counsel, Dkt. No. 236.

[5] *Sternberg v. Nanticoke Mem'l Hosp., Inc.*, 62 A.3d 1212, 1221 (Del. 2013) (quoting Del. Lawyers' R. Prof'l Conduct 1.5(a)).

2

The Court is not required to examine each time entry and disbursement underlying the fee request. Rather, "the Court will consider the Rule 1.5(a) factors as a guide and then exercise its discretion in reaching a reasonable fee award, acknowledging that 'mathematical precision' is neither necessary nor readily achievable."[6]

TruthMD alleges that Plaintiff's fee application should be reduced for three reasons, and I restrict this Letter Opinion to addressing these arguments. First, TruthMD avers that services performed concerning so-called "Non-Fee Claims" should be deducted from Plaintiff's requested fees.[7] Second, TruthMD requests that the fee application be reduced for "unnecessary" work related to Malkani's attempts to enjoin a potential transaction.[8] Lastly, TruthMD seeks to have Malkani produce information sufficient to demonstrate who paid for the fees sought in the fee application, or otherwise reduce the fees in light of the initial group of plaintiffs, of whom only Malkani was entitled to shift fees.[9]

In response, Malkani argues that the fee application is appropriately limited to recoverable fees and costs under the Purchase Agreement and Nine-Unit Warrant.[10] With regards to TruthMD's demand for production of receipts to prove who actually bore the costs Malkani now seeks, Malkani asserts that whether a third

---

[6] *Macrophage Therapeutics, Inc. v. Goldberg*, 2021 WL 5863461, at *2 (Del. Ch. Dec. 10, 2021).
[7] Def.'s OB 12.
[8] *Id.* at 14.
[9] *Id.* at 15–17; Def.'s RB 1–5.
[10] Pl.'s AB 10.

party paid Malkani's fees is irrelevant.[11]  I shall consider each of TruthMD's objections in turn.

Regarding the issue of the fee application being reduced to account for services performed concerning Non-Fee Claims, I find that the invoices provided in support of Plaintiff's fee request have properly deducted amounts charged for work performed on Non-Fee Claims.  The only fees remaining relate to matters regarding the Purchase Agreement and Nine-Unit Warrant.[12]  I need not endeavor to review each time entry in light of the affidavits submitted.  I find that there is nothing more to be deducted with respect to the so-called Non-Fee Claims, because the amount has already been adequately accounted for.

Next, I turn to whether further reductions to the fee application must be made to account for "unnecessary" work related to Malkani's attempts to enjoin a potential transaction.[13]  Where litigation is complex, contentious, and time-consuming, as well as expedited, such litigation incurs more substantial attorneys' fees than litigation proceeding at the customary pace.[14]  That is the case here, as is unsurprising in light of a complex, go-go litigation.[15]  Because this case was expedited and thoroughly

---

[11] *Id.* at 15.

[12] *Id.* at 10–11.

[13] Def.'s OB 14.

[14] *See Lynch v. Gonzalez*, 2020 WL 5587716, at *4 (Del. Ch. Sept. 18, 2020), *aff'd*, 253 A.3d 556 (Del. 2021).

[15] I use the adjective "go-go" to refer to the compressed litigation timeline of these complex causes of action, and not to the highly-syncopated funk that is the primary contribution of Washington, D.C. to this nation's artistic life.

litigated, it unsurprisingly generated substantial attorney's fees. Furthermore, the "unnecessary work" that TruthMD refers to is the resources used by Malkani in seeking injunctive relief, which I granted. "'For a Court to second-guess, on a hindsight basis, an attorney's judgment' as to whether work was necessary or appropriate 'is hazardous and should whenever possible be avoided.'"[16] I so avoid it here; I decline to second-guess the judgment of Plaintiff's counsel in pursuing the motion for a preliminary injunction.[17] Therefore, I find that the fees incurred in pursuing Malkani's injunctive claim are reasonable and need not be deducted from Plaintiff's fee request.

I finally consider whether Malkani should be made to produce information regarding who paid for the fees sought in this application.[18] Presumably, TruthMD wishes to argue that it should be contractually exempt from fees where a second source for payment exists. Malkani points to the contract as requiring payment regardless of any collateral source.[19]

In cases of contract interpretation, such as the one currently before me, the terms of the contract must be construed in accordance with their ordinary meaning

---

[16] *Lynch*, 2020 WL 5587716, at *2 (quoting *Arbitrium (Cayman Is.) Handles AG v. Johnston*, 1998 WL 155550, at *4 (Del. Ch. Mar. 30, 1998)).

[17] *See also Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 997 (Del. Ch. 2012) (explaining that the determination of "reasonableness of amounts sought also does not require the Court to assess independently whether counsel appropriately pursued and charged for a particular motion, line of argument, area of discovery, or other litigation tactic.").

[18] Def.'s OB 15.

[19] Pl.'s AB 16.

in a manner that "would be understood by an objective, reasonable third party."[20] If the language of the contract is clear and unambiguous, then the Court is to uphold the parties' intent by applying the plain language of the agreements.[21] Here, the Purchase Agreement and Nine-Unit Warrant do not condition a prevailing party's right to fee-shifting upon that party's personal payment of fees.[22] Rather, a party's right to fees is conditioned solely on whether that party is deemed the "prevailing party" in the action for which fees were incurred and are sought.[23] In this case, I have already determined that Malkani is the prevailing party. Whether a third party is available to pay for Malkani's fees is irrelevant to my determination of whether the fees sought by Malkani are reasonable.

In this context, TruthMD makes a more cogent objection. It notes that, in the beginning of the litigation, there were additional plaintiffs who were not parties to the contracts giving rise to fee shifting.[24] Even without the discovery I have rejected above, they argue, there should be some reduction of fees based on an assumption that a portion of the fees incurred were in connection with these lapsed parties.[25] I find, however, that there is no principled way to deduct such fees here, because it appears to me that the litigation efforts were necessary to advance Malkani's

---

[20] *Osborn ex. rel. Osborn v. Kemp*, 991 A.2d 1153, 1159 (Del. 2010).
[21] *See id.*
[22] Pl.'s AB 16.
[23] *Id.*
[24] Def.'s RB 1–5.
[25] *Id.*; Def.'s OB 15–17.

interests covered by the contractual fee-shifting provision. I decline TruthMD's invitation to arbitrarily cut the fees requested.

The final issue involves Malkani's fees-on-fees request, that is to say, Plaintiff's request for fees associated with pursuing this fee application.[26] Due to the additional work completed by Plaintiff's counsel in submitting this fee application, Malkani seeks an additional $41,776.90.[27] In my February 2024 Memorandum Opinion, I determined that Malkani was entitled to fees-on-fees[28] and, therefore, I am granting Dr. Malkani's request for the additional fees. The fee amount Plaintiff seeks reflects the necessary time, labor, and expense required to prosecute the fee application.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor

---

[26] Pl.'s AB 18.

[27] *Id.*

[28] *See Malkani*, 2024 WL 807401, at *6.